**UNITED STATES of America, Plaintiff–Appellee,**

**Chris Yiu, Claimant–Appellant,**

v.

**LISA CHAN, Defendant,**

v.

**Lai Heung Chan, Third-party-petitioner.**

**United States of America, Plaintiff–Appellee,**

v.

**Lisa Chan, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Lisa Chan, Defendant,**

v.

**Lai Heung Chan, Third–party–petitioner–Appellant,**

**and**

**Chris Yiu, Third-party-petitioner.**

Nos. 05–10422, 05–10423, 05–10425.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2007.

Filed July 13, 2007.

---

Stephen L. Johnson, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Jerry Y. Fong, Esq., Carey & Carey, Palo Alto, CA, for Claimant–Appellant/ Third-party-petitioner Chris Yiu.

Lisa Chan, Fremont, CA, pro se.

Cornell J. Price, Esq., Los Angeles, CA, for Defendant.

David M. Michael, Esq., San Francisco, CA, for Third–party–petitioner–Appellant.

Before: SCHROEDER, Chief Circuit Judge, CANBY and FERNANDEZ, Circuit Judges.

## MEMORANDUM *

This is a consolidated appeal from an order denying appellants' various challenges to a writ of execution on the residence of appellants Lisa Chan and her husband Chris Yiu to satisfy the restitution Lisa was ordered to pay following her criminal conviction. The district court rejected all appellants' claims, holding that there was no evidence demonstrating that Lisa's mother, appellant Lai Heung Chan, had any ownership interest in the house; that the house was community property; and, that the restitution judgment was a debt within the meaning of California community property law. It also held that Chris Yiu was not entitled to a hearing under California law and that his federal due process rights had not been violated. We affirm.

Assuming that the money for the purchase of the home came from Lai Heung Chan, the deed was originally recorded in the names of Lisa Chan and Chris Yiu. There is no evidence to defeat the presumption under California law that the purchase was a gift to Lai Heung's daughter. *See Altramano v. Swan*, 20 Cal.2d 622, 628, 128 P.2d 353 (1942). Under California law, the house was community property because it was acquired by Lisa Chan and Chris Yiu after their marriage. Also under California law, the restitution judgment is a debt that can reach a community property for its satisfaction. *See FDIC v. Soderling*, 998 F.2d 730 (9th Cir.1993). The property can be reached under California law, because it is community property in which the debtor, Lisa Chan, has an undivided interest. There has been no violation of the federal due process rights of appellant Chris Yiu.

Finally, the government was not required to exhaust Lisa Chan's separate property. The record does not even reflect that there was any. In any event, Lisa Chan cannot challenge the restitution order in this proceeding.

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

